IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-CR-20032 |
| DEMARCO WALKER, | ) |
| Defendant. | ) |

**PROTECTIVE ORDER REGARDING
USE OF PRETRIAL DISCOVERY MATERIALS**

THIS MATTER COMING BEFORE THIS COURT upon the motion of the United States pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order restricting the use of pretrial discovery materials, the defendant having no objection to the motion, and the Court being fully advised in the premises,

THIS COURT HEREBY FINDS that it will serve the administration of justice for the United States to provide discovery to the defendant in excess of the requirements of Rule 16 of the Federal Rule of Criminal Procedure, applicable statutes, and the Constitution of the United States and earlier than required by applicable rules and statutes, including the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure; and that it has weighed the need of the defendant to review pretrial discovery materials with the interest of the United States in

1

preserving the safety of its witnesses and confidential information related to personal identity, financial, contact, health, and/or tax information;

IT IS THEREFORE ORDERED that any pretrial discovery materials provided to the defendant pursuant to this Order (1) shall not be disseminated to any person or used for any purpose other than in direct relationship to the criminal case to which the discovery pertains; (2) shall not be photocopied, recorded, imaged, or otherwise copied, except a single copy for use by defense counsel and a single copy for use by each of its agents; provided, however, that no water mark or Bates Label shall be removed, altered or destroyed in any manner; (3) shall not be given to, or left in the possession of, the defendant, except to the extent that the defendant may review the discovery in the presence of defense counsel or its agents; (4) shall be kept in the possession and control of defense counsel or its agents at all times; and (5) shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Seventh Circuit or Supreme Court of the United States. This Order shall apply to all materials in any form, including paper and electronic form, as well as any paper copies created by defense counsel from electronic form.

IT IS FURTHER ORDERED that any violation of this Order may result in contempt proceedings before this Court.

ENTERED this _____ day of May, 2022.

_____
Eric I. Long
United States Magistrate Judge